NO. 07-04-0049-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 23, 2004



______________________________




SHANNON HAYES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-401754; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Shannon M. Hayes, appellant, pleaded guilty to the offense of burglary of a
habitation and on March 5, 2003, the trial court sentenced him to five years confinement
in the Institutional Division of the Texas Department of Criminal Justice. The court
suspended his sentence and placed him on community supervision. He filed a pro se
notice of appeal with this court on February 9, 2004.


 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate
Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after
the day sentence is imposed or suspended in open court, or within 90 days after imposition
of the sentence if a timely motion for new trial is filed. 

 Here, the court imposed and then suspended Hayes' sentence on March 5, 2003.
The record before us does not indicate whether he filed a motion for new trial. In any event,
his notice of appeal, filed over ten months later, was untimely. Appellant's failure to file a
timely notice of appeal prevents this court from having jurisdiction over his appeal. 

 Consequently, the appeal is dismissed for want of jurisdiction.


 James T. Campbell

 Justice



Do not publish.




 



Priority="39" Name="toc 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0204-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

AUGUST 9, 2011

 

______________________________

 

 

IN THE INTEREST OF J.R. AND A.G.S., CHILDREN

 

_________________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-550,085; HONORABLE KEVIN C. HART, JUDGE

 

_______________________________

 

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

Appellant, A.D.S., appeals from the trial court's
order terminating his parental rights to A.G.S.[2]  In presenting this appeal, appointed counsel
has filed an Anders[3] brief in
support of a motion to withdraw.[4]  We grant counsel=s motion and affirm.

            In support of her motion
to withdraw, counsel certifies she has conducted a conscientious examination of
the record and, in her opinion, the record reflects no potentially plausible
basis to support an appeal.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008).  Counsel
candidly discusses why, under the controlling authorities, the appeal is
frivolous.  See High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that she has
complied with the requirements of Anders and In re Schulman by
(1) providing a copy of the brief to Appellant and (2) notifying him of his
right to file a pro se response if he desired to do so.  In re Schulman, 252
S.W.3d at 408.  By letter, this
Court granted A.D.S. thirty days in which to exercise his right to file a
response to counsel=s brief, should he be so
inclined.  Id. at
409 n.23.  He did not file
a response.[5]  The Department filed a letter response
agreeing with counsel's evaluation that this appeal is frivolous. 

            A.D.S. and J.S. moved
from Oklahoma to Texas with J.R. and A.G.S. 
On June 2, 2008, while at a motel in Lubbock, J.S. sustained fatal
injuries at the hands of A.D.S.  The two
children were present at the time. 
A.D.S. was arrested and with no local relatives to care for the
children, they were placed in foster care. 
The Texas Department of Family and Protective Services initiated legal
action to terminate the parental rights of A.D.S. to A.G.S.  Numerous grounds for termination were alleged
pursuant to section 161.001(1) of the Texas Family Code.  However, at the termination hearing, the case
proceeded solely on A.D.S.'s Affidavit of Voluntary Relinquishment of Parental
Rights executed in compliance with section 161.103 of the Code.  A.D.S. testified he executed the affidavit
freely and voluntarily and with the benefit of appointed counsel.  

            After the trial court
terminated his parental rights, A.D.S. filed a Motion for New Trial asserting
duress in execution of the affidavit.[6]  At the hearing on the motion, A.D.S.
testified he wanted to challenge the voluntary relinquishment because he was
confused about a post-termination Rule 11 agreement he entered into with the
adoptive couple. However, he offered no testimony of duress in signing the
affidavit.  At the conclusion of the
hearing, the trial court ruled that a misunderstanding as to what A.D.S. signed
was not sufficient to establish that the affidavit was involuntarily executed.  The motion for new trial was denied.  The trial court's ruling was memorialized in
a written order in which the trial court also found that any appeal of the
termination order was frivolous.  See Tex. Fam. Code Ann. § 263.405(d)(3) (West 2008).

            By the Anders brief, counsel raises two
arguable issues, to wit: (1) the trial court's frivolous finding and (2) voluntariness
of the affidavit of relinquishment of parental rights.  She then candidly concedes why the issues are
without merit.  A frivolous finding is
reviewed for abuse of discretion.  In re M.N.V., 216 S.W.3d
833, 834 (Tex.App.--San Antonio 2006, no pet.).  The trial court determines whether an appeal
is frivolous under section 13.003(b) of the Texas Civil Practice and Remedies
Code.  An appeal is frivolous when it
lacks an arguable basis either in law or in fact.  In re K.D., 202 S.W.3d 860, 866 (Tex.App.--Fort Worth 2006, no
pet.).  Additionally, a party
seeking to overturn a termination order based on an unrevoked affidavit of
relinquishment is limited to arguing fraud, duress, or coercion in the
execution of the affidavit.  See Tex. Fam. Code Ann. § 161.211(c) (West
2008).  See also In re D.E.H., 301 S.W.3d 825,
828 (Tex.App. --Fort Worth 2009, pet. denied).  The record demonstrates that A.D.S. executed
a valid affidavit of relinquishment of parental rights free from fraud, duress
or coercion.  Consequently, the trial
court did not abuse its discretion in finding this appeal to be frivolous.

Notwithstanding the trial court's frivolous finding,
reporter's records of both the termination hearing and the hearing on A.D.S.'s
motion for new trial were duly filed. 
Therefore, as in a criminal case, we have independently examined the
entire record to determine
whether there are any
non-frivolous issues which might support the appeal.  See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at
409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  We have found no such
issues.  See Gainous
v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the
trial court=s judgment is affirmed. 

                                                                                    Patrick A. Pirtle

                                                                                          Justice











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002(a)(1) (West 2005).

 





[2]To
protect the parents' and children's privacy, we refer to them by their
initials.  See Tex. Fam. Code Ann. § 109.002(d) (West 2008).   See
also Tex. R. App. P. 9.8(b).  The
children's mother, J.S. is deceased and J.R.'s father, A.J.P., whose parental
rights were also terminated in this proceeding, is not a party to this
appeal.   

  





[3]Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[4]This Court has previously held that appointed
counsel may file an Anders brief in an appeal from a parental rights
termination order.  See In re A.W.T., 61
S.W.3d 87, 88 (Tex.App.BAmarillo 2001, no pet.).





[5]A.D.S.'s
response was due on November 5, 2010.  No
response was filed, but on June 22, 2011, Appellant filed a letter in this
Court regarding a relative's attempt to seek custody of J.R. and A.G.S. and
complaining of the Department's support in helping the adoptive family keep the
children.  That issue, however, is not
relevant to the termination of Appellant's parental rights.





[6]We
note that A.D.S. did not file a Statement of Points as required by section
263.405(b) of the Family Code.  Per
section 263.405(i), this Court may not consider
issues not specifically presented to the trial court in a timely filed
Statement of Points.  However, in the
interests of justice we address the arguable issues raised by counsel.  Any potential ineffective assistance claim against
trial counsel in failing to file a Statement of Points, see In re J.O.A., 262 S.W.3d 7, 18-19 (Tex.App.--Amarillo 2008), aff'd as modified and remanded, 283
S.W.3d 336 (Tex. 2009), would be rendered harmless by a valid affidavit of
voluntary relinquishment of parental rights.